UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
THE NEW YORK TIMES COMPANY and
ADAM GOLDMAN,                                                   :

                Plaintiffs,           :

             v.                                  :          **COMPLAINT**

FEDERAL BUREAU OF INVESTIGATION,                                :

                Defendant.            :
---------------------------------------------------------------X

Plaintiffs THE NEW YORK TIMES COMPANY and ADAM GOLDMAN (together, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the Federal Bureau of Investigation ("FBI") in response to a request properly made by Plaintiffs. The request seeks all records pertaining to Ricky Shiffer, a man who had suspected ties to extremist groups and brazenly attempted to attack an FBI office two years ago before police killed him.

## PARTIES

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

3. Plaintiff Adam Goldman is a reporter at *The New York Times* covering national security and the FBI.

1

4. Defendant FBI is an agency within the federal government; it is both the principal American law enforcement agency and an intelligence agency. It has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on Plaintiff The New York Times's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. FOIA requires that agencies make a determination as to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

8. To meet this requirement, the agency must produce the requested records or notify the requester of the statutory basis for withholding them. *See id.*; *id.* § 552(a)(6)(C)(i).

9. Defendant has failed to meet this statutory deadline set for responding to the request. The Times is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6).

## BACKGROUND

10. On August 11, 2022, a 42-year-old man named Ricky Walter Shiffer Jr. attempted to break into FBI's Cincinnati field office in Kenwood, Ohio. *See* Kevin Williams et al., *Man Accused of Trying to Breach F.B.I. Office Is Killed in Standoff*, N.Y. Times (Aug. 11, 2022), https://nyti.ms/4ebdrqK. Mr. Shiffer was wearing body armor and tried to breach the entrance to the visitor screening building outside the office. He fled when an alarm sounded. *Id.*

11. After a car chase involving state police troopers, officers eventually stopped him and tried to negotiate his surrender. But Mr. Shiffer raised a gun, leading police to shoot and kill him. *Id.*

12. Before Mr. Shiffer was killed, one social media account bearing his name expressed approval for the Proud Boys, a far-right extremist group. The same user also claimed to have been present at the U.S. Capitol on January 6, 2021, watching as supporters of then-President Donald Trump attacked the building to block Congress from certifying the 2020 presidential election results. *Id.*

13. A second social media account under Mr. Shiffer's name urged followers to "kill" "the feds" and later posted a message stating: "If you don't hear from me, it is true I tried attacking the F.B.I." *Id.* Not only did this user's posts attack law enforcement and issue a "call to arms," but they also proclaimed, "I am proposing war." Lucia Walinchus et al., *Ohio Man Was on the F.B.I.'s Radar for Months*, N.Y. Times (Aug. 12, 2022), https://nyti.ms/4ebdrqK.

14. Mr. Shiffer was no stranger to the FBI. Prior to Mr. Shiffer's death, federal officials had been trying to determine whether he had participated in the January 6 Capitol attack. The FBI had also received an unrelated tip about Mr. Shiffer, but agents from multiple offices were unable to find and interview him. *Id.*

15. After his death, law enforcement officials began to investigate whether he had ties to extremist groups. Alan Feuer & Adam Goldman, *Man Suspected of Trying to Breach the F.B.I.'s Cincinnati Office May Have Jan. 6 Ties*, N.Y. Times (Aug. 11, 2022), https://nyti.ms/3zzPwCm.

16. On August 19, 2024, Mr. Goldman, on behalf of The Times, submitted a FOIA request to the FBI seeking all records pertaining to Ricky Walter Shiffer Jr.

17.     On August 23, 2024, the FBI acknowledged The Times's request and assigned it a tracking number, 1644658-000.

18.     To date, The Times has not received a determination on this request.

## CAUSE OF ACTION (5 U.S.C. § 552)

19.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

20.     Defendant FBI is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

21.     Defendant FBI has failed to meet FOIA's statutory deadline of 20 business days to make a determination. 5 U.S.C. § 552(a)(6)(A)(i).

22.     Defendant FBI is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

23.     No exemptions permit the withholding of the documents sought by this request.

24.     Accordingly, Plaintiffs are entitled to an order compelling Defendant FBI to produce records responsive to this request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

25.     Declare that the documents sought by the request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

26.     Order Defendant to provide those records to Plaintiffs within 20 business days of the Court's order;

27. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

28. Grant Plaintiffs such other relief as this Court deems just and proper.

Dated: New York, New York  　　　　　　　*/s/ David E. McCraw*
　　　　September 30, 2024　　　　　　　David E. McCraw
　　　　　　　　　　　　　　　　　　　　Al-Amyn Sumar
　　　　　　　　　　　　　　　　　　　　Legal Department
　　　　　　　　　　　　　　　　　　　　The New York Times Company
　　　　　　　　　　　　　　　　　　　　620 Eighth Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY 10018
　　　　　　　　　　　　　　　　　　　　Phone: (212) 556-4031
　　　　　　　　　　　　　　　　　　　　Email: mccraw@nytimes.com
　　　　　　　　　　　　　　　　　　　　Email: al-amyn.sumar@nytimes.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*